FILED IN OFFICE
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
22-C-01725-S1
3/25/2022 10:00 AM
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| ROBERT BLALOCK and MARTHA BLALOCK, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CIVIL ACTION FILE NO.: |
| SIGNIFY NORTH AMERICA CORPORATION, | ) ) ) ) | 22-C-01725-S1 |
| Defendant. | ) | |

## COMPLAINT FOR DAMAGES

COMES NOW, ROBERT BLALOCK and MARTHA BLALOCK, Plaintiffs herein, and files this Complaint for Damages, respectfully showing the Court as follows:

1.

Plaintiffs Robert Blalock and Martha Blalock ("Plaintiffs" or "The Blalocks") submit themselves to the jurisdiction and venue of this Court.

2.

Defendant Signify North America Corporation ("Signify") is a foreign corporation which, at all times relevant to this action, was doing business in the State of Georgia. Defendant Signify North America Corporation may be served with process through its registered agent, to wit: Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, GA 30092. Defendant Signify North America Corporation is subject to the venue and jurisdiction of this Court.

3.

At all times relevant hereto, Defendant Signify North America Corporation (hereinafter, "Defendant Signify") was in the business of developing and manufacturing lightbulbs, among other things.

4.

At all times relevant hereto, Plaintiffs were the owners of a business (Blalock Enterprises Inc. and Romar Properties, LLC d/b/a The Furniture Store) located at 2829 Browns Bridge Road, Gainesville, GA 30504. Within this business, there was a Philips 440 W MH400/U light installed ("subject lightbulb") that was manufactured by Defendant Signify.

5.

On or about September 18, 2020, the subject lightbulb, as a result of a design, manufacturing and/or installation defect contained therein, failed, subsequently caught fire, and proximately caused substantial damage to Plaintiffs' business and inventory.

6.

As a direct and proximate result of the fire, Plaintiffs sustained damages in an amount in an amount no less than $720,147.16.

## COUNT I – CLAIMS OF NEGLIGENCE AGAINST DEFENDANT SIGNIFY NORTH AMERICA CORPORATION

7.

Paragraphs 1 through 6 are incorporated by reference as if set forth verbatim herein.

8.

The fire was due to a failure within the subject lightbulb and Defendant Signify was negligent in designing, manufacturing, selling, supplying, installing and otherwise distributing the defective lightbulb.

9.

Defendant Signify's negligence was the direct and proximate cause of the damage to Plaintiffs' property.

10.

As a direct and proximate result of Defendant Signify's acts and/or omissions, Plaintiffs are entitled to recovery of their losses from Defendant Signify.

## COUNT II – CLAIMS OF BREACH OF WARRANTY AGAINST DEFENDANT SIGNIFY NORTH AMERICA CORPORATION

11.

Paragraphs 1 through 10 are incorporated by reference as if set forth verbatim herein.

12.

In selling, supplying and/or otherwise distributing the subject lightbulb, Defendant Signify impliedly and/or expressly warranted that it was safe and fit for the ordinary purpose for which it was intended, when in fact it was not fit for ordinary and normal use and, as such, did not conform to said promises and warranties.

13.

As a direct and proximate result of such breaches of warranty, Plaintiffs sustained losses as described above.

14.

As a result of Defendant Signify's breaches of warranty, Plaintiffs are entitled to recovery of his losses from Defendant Signify.

## COUNT III – CLAIMS OF STRICT LIABILITY AGAINST DEFENDANT SIGNIFY NORTH AMERICA CORPORATION

15.

Paragraphs 1 through 14 are incorporated by reference as if set forth verbatim herein.

16.

Defendant Signify's product was not merchantable and reasonably suited to the use intended, and its condition when sold is the proximate cause of the damages sustained by Plaintiffs. As a result, Defendant Signify is strictly liable in tort pursuant to O.C.G.A. § 51-1-11 (b) (1).

## COUNT IV – CLAIMS FOR ATTORNEY'S FEES AND EXPENSES OF LITIGATION

17.

Paragraphs 1 through 16 are incorporated by reference as if set forth verbatim herein.

18.

In this case of clear liability, Plaintiffs made a reasonable demand for settlement upon the Defendant within the time allowed by law.

19.

No reasonable response to said demand was ever made by Defendant, thereby requiring Plaintiffs to avail themselves of the court system in an effort to seek redress for their damages.

20.

Defendant has acted in bad faith, has been stubbornly litigious, and has caused Plaintiffs unnecessary trouble and expense.

21.

Accordingly, pursuant to O.C.G.A. §13-6-11, and U-Haul Co. of Western Georgia v. Ford, 171 Ga. App. 744 (1984), Plaintiffs are entitled to recover his attorney's fees and expenses of litigation.

WHEREFORE, Plaintiffs pray as follows:

a. That they recover of Defendant in an amount to be proven at trial;

b. That they recover of Defendant interest as provided by law;

c. That they recover of Defendant their costs and attorney's fees in bringing this action;

d. That they have a trial by Jury; and

e. That they have such other and further relief as this Court may deem just and proper.

This _21_ day of _March_, 2022.

                                              MILLER INSURANCE LAW ENTERPRISE

                                              Eric D. Miller, Esq.
                                              Georgia Bar No. 506574
                                              Attorney for Plaintiffs

115 Perimeter Center Place
South Terraces, Suite 430
Atlanta, GA 30346
Telephone: 404-923-7599
Facsimile: 404-855-4091
emiller@mileatlanta.com